## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CR-60156-FAM

**UNITED STATES OF AMERICA**

**vs.**

**KERBY BROWN, JR.,**

   **Defendant.**
_____/

### UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO
### EXCLUDE INADMISSIBLE RAPE SHIELD EVIDENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this motion *in limine* to exclude from voir dire and trial, any claims, references, inferences, evidence, or arguments related to the victims' sexual history, as inadmissible rape shield evidence.  Federal Rule of Evidence 412, otherwise known as the Rape Shield Law, makes clear that evidence of other sexual conduct by a victim is not admissible in a criminal proceeding involving alleged sexual misconduct *unless* the party seeking its admission files a motion at least 14 days prior to trial and the court conducts a hearing.  In other words, it is a defendant's burden to establish a basis for the admissibility of any prior or subsequent sexual behavior of a victim *before* eliciting such evidence at trial.  In this case, the United States is not aware of any relevant sexual conduct of the victims' other than their encounters with the Defendant.  Further, Defendant has not filed the necessary motion under Federal Rule of Evidence 412 to introduce such evidence.  Thus, the United States, in an abundance of caution, proactively moves to exclude any such evidence under Federal Rules of Evidence 401, 402, 403, and 412.

## **FACTUAL BACKGROUND**

The Defendant is charged in the superseding indictment with attempted sex trafficking of MINOR VICTIM 1, in violation of 18 U.S.C. § 1594(a), sex trafficking of MINOR VICTIM 2, in violation of 18 U.S.C. § 1591(a)(1), and attempted sex trafficking of MINOR VICTIM 3, in violation of 18 U.S.C. § 1594(a) (ECF No. 24).

Specifically, on November 24, 2018, the Hollywood Police Department ("HPD") was called to the Ramada hotel in Hollywood, Florida in reference to sex trafficking of MINOR VICTIM 1.  A friend of MINOR VICTIM 1 had seen a commercial sex advertisement posted online of MINOR VICTIM 1, which triggered law enforcement being called to the hotel.  That evening, law enforcement found the Defendant and MINOR VICTIM 1, and others, at the hotel. MINOR VICTIM 1 was later interviewed by the FBI and stated that she had been staying at hotels with the Defendant for several days.  During that time, she had witnessed Defendant act as a pimp for other women.  Soon thereafter, Defendant asked MINOR VICTIM 1 if she wanted to post online advertisements for the purpose of commercial sex acts like the adult prostitutes.  He stated she could simply get naked for the men, or give them massages, but she could make real money by having sex with them.  MINOR VICTIM 1 was 14 years old.

 The FBI was later alerted to MINOR VICTIM 2, who disclosed that she had been a victim of human trafficking.  MINOR VICTIM 2 was introduced to the Defendant on January 25, 2019. She began by staying with him at hotels but about one week later she was recruited to make him money and engage in commercial sex acts.  She advised that Defendant took naked pictures of her and posted them as advertisements on the website www.listcrawler.com.  Between February 1, 2019 and February 5, 2019, nine (9) sexual advertisements were posted featuring MINOR VICTIM 2 and using Defendant's cell phone as the number that a potential "John" would call to meet

MINOR VICTIM 2.  MINOR VICTIM 2 and Defendant's girlfriend ("Girlfriend") were then driven by Defendant to Orlando, Florida.  There, Defendant drove MINOR VICTIM 2 to several locations for the purpose of commercial sex.  During each instance, Defendant would wait outside and then collect the money from MINOR VICTIM 2.  At first, he and MINOR VICTIM 2 split the money 50-50, but soon Defendant kept all of the money for himself.  MINOR VICTIM 2 was 15 years old.

On May 23, 2019, an HPD undercover officer responded to an advertisement for commercial sex featuring Defendant's girlfriend ("Girlfriend").  In an undercover operation, the officer scheduled a time to meet with Girlfriend at the La Quinta in Hollywood, Florida, pretending to be interested in commercial sex.  That evening, Defendant drove Girlfriend to the date where he was arrested by law enforcement.  MINOR VICTIM 3 was in the car with BROWN and carried a purse with only a cell phone and condoms.   The FBI later found commercial sex advertisements featuring MINOR VICTIM 3 posted on May 23, 2019.  MINOR VICTIM 3 was 17 years old.

## ARGUMENT

Rule 412 is a rule of exclusion that imposes significant limitations on the admissibility of "evidence relating to [a] victim's other sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment."  Fed. R. Evid. 412, Advisory Committee Note (1994 Amendments).  It takes precedence over other Federal Rules of Evidence, including Rules 402, 404(b), 405, 607, 608, and 609.  *Id.*

In *United States v. Williams*, 564 F. App'x 568 (11th Cir. 2014), the defendant was charged with multiple counts of sex trafficking of a minor.  The defendant attempted to cross-examine the victims about acts of prostitution they had committed after the defendant had been arrested.  The district court denied the defendant's request to do so, and the Eleventh Circuit affirmed, stating

"[w]e agree with the court below that the girls' involvement in prostitution after Williams' arrest bears no relevance to the criminal activity perpetrated by [defendant]." *Id.* at 577.

In *United States v. Chin,* 606 Fed. App'x 538 (11th Cir. 2015), the defendant was charged with sex trafficking two minor females. Following an *in camera* hearing, after the defendant filed a motion pursuant to Federal Rule of Evidence 412, the district court excluded evidence that one of the minors had previously engaged in prostitution. The court concluded that the evidence "simply indicates … a propensity or a willingness to engage in prostitution" and was not pertinent to the charges against the defendant. *Id.* at 539-540. On appeal, the Eleventh Circuit found no abuse of discretion and affirmed the defendant's convictions.

In this case, there is no basis for the admissibility in trial of any prior or subsequent sexual activity of the victims. Therefore, the United States requests that the Court instruct the Defendant not to offer any evidence, argument, or make any reference to the sexual activity of the victims other than what is charged in the superseding indictment.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court grant its motion and exclude from voir dire and trial, any references or evidence related to the victims' sexual history, as irrelevant and unfairly prejudicial, and inadmissible under FRE 401, 402, 403, and 412.

Respectfully submitted,

By:     /s/ *Cary O. Aronovitz*
        CARY O. ARONOVITZ
        Assistant United States Attorney
        Florida Bar No. 86425
        U.S. Attorney's Office
        99 N.E. 4th Street
        Miami, FL 33132-2111
        Telephone: (305) 961-9131
        Email: cary.aronovitz@usdoj.gov

4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk

of the Court using CM/ECF, on September 19, 2019.

<u>/s/ *Cary O. Aronovitz*</u>
CARY O. ARONOVITZ
Assistant United States Attorney