UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-60156-CR-MORENO

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KERBY BROWN,

        Defendant.

_____/

**DEFENDANT BROWN'S MOTION *IN LIMINE*
REGARDING ANTICIPATED EVIDENCE TO BE OFFERED**

COMES NOW, the Defendant, KERBY BROWN, by and through undersigned counsel, and submits the following Motion *In Limine* regarding evidence to be offered by the government and respectfully requests this Court exclude the anticipated evidence.  In support thereof, it is stated as follows:

**I. Introduction**

During the course of this case and subsequent investigation, the government interviewed several witnesses and obtained various cell phone records.  Some witnesses and some of the documents obtained by the government mention other bad acts allegedly committed by Mr. Brown, allegations of gang affiliation, associations with others involved in bad acts, and references to sexually transmitted diseases. Mr. Brown asserts this evidence is both irrelevant and highly prejudicial and seeks entry of this Court's order excluding the anticipated testimonial and physical evidence at trial.

**II.     Memorandum of Law in Support**

First, not all evidence is relevant. Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Rule 401, Federal Rules of Evidence. Thus, the focus is on materiality and probative value. In other words, if the evidence is introduced to prove a matter not at issue, then the evidence is immaterial and should be excluded. Likewise, the evidence offered must be probative of a matter at issue. If not, the evidence irrelevant and should be excluded. Here, the evidence to be offered by the government is neither material nor probative of the issues in this case.

Second, the probative value of the evidence sought to be introduced by the government is substantially outweighed by its prejudice. *See* Rule 403, Federal Rules of Evidence. Rule 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here the evidence is highly prejudicial and should be excluded.

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United*

*States*, 519 U.S. 172, 180 (1997).  In other words, "'[u]nfair prejudice within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting Fed. R. Evid. 403, adv. cmte. notes (1972)) (quotation marks omitted)).  The Eleventh Circuit has said it "seek[s] to avoid the introduction of extrinsic evidence which is likely to incite the jury to an irrational decision." *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir. 1987).  "[S]uch irrationality is the primary target of Rule 403." *United States v. Hewes*, 729 F.2d 1302, 1315 (11th Cir. 1984).

One main source of such irrationality is a criminal defendant's prior bad acts. The Supreme Court has expressed "concern that unduly prejudicial evidence might be introduced under Rule 404(b)." *Huddleston v. United States*, 485 U.S. 681, 691 (1988).  Indeed, it is well-established that "evidence of other crimes, wrongs, or acts is inherently prejudicial to the defendant." *United States v. Baker*, 432 F.3d 1189, 1205 (11th Cir. 2005); *accord United States v. Sterling*, 738 F.3d 228 (11th Cir. 2013); *United States v. Beechum*, 582 F.2d 898, 910 (5th Cir. 1978) (en banc).  In short, the danger of unfair prejudice "certainly include[s] . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." *Old Chief*, 519 U.S. at 180.

Under Rule 403, the danger of unfair prejudice, including from propensity evidence, must be weighed against "the incremental probity" of the extrinsic evidence, applying a "commonsense assessment of all the circumstances surrounding the

3

extrinsic offense." *Beechum*, 582 F.2d at 914. There is "[n]o mechanical solution" for doing so. *Id.* (quoting Fed. R. Evid. 404, adv. cmte. notes (1972)). Rather, "[t]he determination must be made . . . in view of the availability of other means of proof and other facts appropriate for making decision of this kind under Rule 403." *Id.* (citation omitted). In other words, "[p]robity in this context is not an absolute;" it is relative. *Beechum*, 582 F.2d at 914. Thus, "its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence." *Id.*

So while extrinsic evidence is "often disfavored because of the possibility for its misuse" as propensity evidence, that is true "especially where the government has a strong case." *Sterling*, 738 F.3d at 238. "In other words, if the government can do without such evidence, fairness dictates that it should; but if the evidence is essential to obtain a conviction, it may come in." *Sterling*, 738 F.3d at 238 (quoting *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991)). In addition to prosecutorial need, the relative probity of prior bad acts also frequently depends on the "overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009) (citations omitted). Here, the prior bad acts alleged to have been committed by Mr. Brown are not at all similar to the facts alleged in this case. Thus, the evidence should be excluded.

Furthemore, reference to a gang affiliation is highly prejudicial and more likely

4

to cause the jury to determine guilt based on this fact as opposed to facts supporting the crime charged.  *United States v. Jernigan*, 341 f.3d 1273 (11th Cir. 2003) (noting that "we do not wish to understate the prejudicial effect that evidence of a criminal defendant's gang membership may entail.  Indeed, modern American street gangs are popularly associated with a wealth of criminal behavior and social ills, and an individual's membership in such an organization is likely to provoke strong antipathy in a jury.")  Likewise, any mention of sexually transmitted diseases offers little, if any, probative value.  Instead, this evidence may simply evoke an emotional response, as opposed to reaching a verdict based on the evidence presented.

WHEREFORE, the Defendant, KERBY BROWN, respectfully requests this Court grant the motion.

                Respectfully submitted,

                MICHAEL CARUSO
                FEDERAL PUBLIC DEFENDER

By:   *s/ Joaquin Padilla*
      Joaquin Padilla
      Assistant Federal Public Defender
      Florida Bar No.  484636
      150 West Flagler Street, Suite 1500
      Miami, Florida 33130
      Tel:  305-530-7000 / Fax:  305-536-4559
      E-Mail: joaquin_padilla@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Joaquin Padilla*
Joaquin Padilla