UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-60156-AHS(s)

UNITED STATES OF AMERICA

v.

KERBY BROWN, JR.

        **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

The United States of America, through the undersigned Assistant United States Attorney, hereby responds to Defendant's Motion to Dismiss the superseding indictment (ECF No. 48). The United States does not oppose the Defendant's Motion to Dismiss but requests the superseding indictment be dismissed *without* prejudice pursuant to 18 U.S.C. §§ 3161(d)(1) and 3162(a)(2). In brief, Kerby Brown, Jr. ("Defendant") has filed a motion seeking to dismiss the case for a purported Speedy Trial Act violation. In an abundance of caution, the United States does not oppose the dismissal of the current indictment, and, if permitted by the Court after application of the § 3162(a)(2) factors, would obtain a new indictment that cures any arguable Speedy Trial defect.

    **i.**      **Background of Case**

This case involves Defendant's role to recruit, advertise, and transport three minor victims to engage in commercial sex acts. As stated in more detail in the Complaint (ECF No. 1), Brown would post advertisements of the minor victims on the internet in an effort for them to engage in commercial sex acts. As to one minor victim, Brown posted naked pictures of her in the advertisements with his own cell phone number to be called by any person interested to have sex

with the minor victim. Brown then drove that minor victim to several locations where she engaged in commercial sex acts and provided the money to Brown. MINOR VICTIM 1 was 14 years old during her interactions with Brown in November 2018. MINOR VICTIM 2 was 15 years old during her interactions with Brown in January 2019. And MINOR VICTIM 3 was 17 years old during her interactions with Brown in May 2019.

### ii. Procedural History

On June 11, 2019, Defendant was indicted by a federal grand jury in the Southern District of Florida and charged with one count of attempted sex trafficking of MINOR VICTIM 1, in violation of 18 U.S.C. § 1594(a), and one count of sex trafficking of MINOR VICTIM 2, in violation of 18 U.S.C. § 1591(a)(1) (ECF No. 11).

On August 20, 2019, the grand jury returned a superseding indictment charging Defendant with attempted sex trafficking of MINOR VICTIM 1, in violation of 18 U.S.C. § 1594(a), sex trafficking of MINOR VICTIM 2, in violation of 18 U.S.C. § 1591(a)(1), and attempted sex trafficking of MINOR VICTIM 3, in violation of 18 U.S.C. § 1594(a) (ECF No. 24).

The first calendar call for the case was held on July 16, 2019. (ECF No. 21). At the hearing, the Government announced that it was ready for trial and defense counsel requested a continuance to further prepare for trial.[1] A speedy trial finding was made by the Court and an Order was issued on Defendant's Ore Tenus motion. In the Order, the Court made the finding that the delay from July 16, 2019 through September 30, 2019 was excludable under the Speedy Trial Act.

A second calendar call was then held on September 23, 2019. (ECF No. 36). The Government announced it was ready for trial and Defendant requested a continuance to further

---

[1] The hearing transcript has been requested and will be submitted to the Court upon receipt.

prepare for trial. A speedy trial finding was made by the Court and an Order was issued on Defendant's Ore Tenus motion. In the Order, the Court made the finding that the delay from September 23, 2019 through November 25, 2019 was excludable under the Speedy Trial Act.

On October 7, 2019, the United States filed an unopposed motion asking for a special set trial date—moving the trial date from November 25, 2019 to December 11, 2019. (ECF No. 39). In the motion, the United States requested the special set date recognizing the Thanksgiving holiday and to accommodate out-of-town witnesses. Defense counsel did not object to the motion. The Court granted the Government's motion and issued an Order determining that time was excluded from October 8, 2019 through December 9, 2019. (ECF No. 40).

Finally, on December 2, 2019, the Court entered a sua sponte Order re-setting the trial for March 16, 2020. The Court made the determination that "the interest of justice served by granting a continuance to allow counsel for the defendant reasonable time necessary for effective preparation for trial outweighs any interest of the public or the defendant in a speedy trial." The period of delay from December 3, 2019 through March 16, 2020 was excludable under the Speedy Trial Act. (ECF No. 44).

On January 13, 2020, Defendant filed a Motion to Dismiss the Indictment arguing that the reason listed by the Court for a continuance "is not true," that the Court did not hold a hearing, and that Defendant does not seek a continuance (ECF No. 48).

Accordingly, in an abundance of caution to avoid a future defense that the December 2, 2019 Order did not toll the Speedy Trial time, the United States does not oppose that the superseding indictment be dismissed based upon Defendant's motion. However, the United States requests that the superseding indictment be dismissed *without* prejudice, as specifically authorized by 18 U.S.C. § 3161(d)(1) and upon the Court's consideration of the three factors set

3

forth in 18 U.S.C. § 3162(a)(2).[2]

For the reasons set forth below, all § 3162 statutory factors heavily weigh in favor to dismiss the superseding indictment *without* prejudice.

### iii. Memorandum of Law

The Speedy Trial Act mandates that a trial commence within 70 days after the date the defendant appeared before a judicial officer or the date of the indictment, whichever occurs later. 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within the 70-day limit, then the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162.

Section 3161(h)(7) permits exclusions for:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

In *Zedner*, the Supreme Court reiterated that a district court may grant an ends-of-justice continuance once the court considers certain factors, and "makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." 547 U.S. 489, 507 (2006) (determining speedy trial act was violated where on-

---

[2] Were the Court to dismiss the superseding indictment without prejudice, then the United States, as expressly permitted by *Zedner v. United States*, 547 U.S. 489, 499 (2006), intends to re-present evidence to a federal grand jury in support of re-indicting the defendant.

4

the-record findings made by district court at a status conference did not comport with exceptions permitted by the Speedy Trial Act).

Here, in its December 2, 2019 Order, the Court sua sponte made a finding that the Defendant's counsel's need for additional time to prepare the case outweighed the Defendant and public's interest in a speedy trial. Defendant, however, challenges this assertion in his motion to dismiss. In an abundance of caution, should an appellate court later determine that the December 2, 2019 Order did not meet the requirements of the Speedy Trial Act, then the amount of time that would have passed upon the filing of the instant motion is 72 days, and therefore the United States does not oppose that the superseding indictment be dismissed ***without*** prejudice.[3]

### iv. All Statutory Factors Heavily Weigh in Favor to Dismiss the Superseding Indictment Without Prejudice

Defendant argues that the superseding indictment should be dismissed with prejudice pursuant to 18 U.S.C. § 3161. All statutory factors, however, weigh heavily in favor of dismissing without prejudice given the arguable two (2) day delay of the Speedy Trial Act.

This Court has discretion in deciding whether the superseding indictment should be dismissed with or without prejudice. *See, e.g.*, *United States v. Taylor*, 487 U.S. 326, 335 (1988); *Zedner*, 547 U.S. at 499 ("When an indictment is dismissed without prejudice, the prosecutor may of course seek—*and in the great majority of cases will be able to obtain*—a new indictment") (emphasis added).

In making the decision whether to dismiss with prejudice or without prejudice, this Court

---

[3] The Government calculates the speedy trial days as follows: 34 days passed between Defendant's indictment on June 11, 2019 through July 15, 2019 (the day prior to the first continuance); 38 days have passed between the Court's last uncontested continuance, up through December 9, 2019, to the filing of the instant Response to the Motion to Dismiss without prejudice. Accordingly, if the Court's December 2, 2019 Order were later invalidated, at present there is an arguable **two day** violation of the Speedy Trial Act, and a trial beginning in March 2020 would further exceed the Speedy Trial time.

5

must consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case leading to the dismissal; and (3) the impact of a re-prosecution on the administration of justice and the Speedy Trial Act.  *United States v. Brown*, 183 F.3d 1306, 1309-10 (11th Cir. 1999) (quoting 18 U.S.C. § 3162(a)(1) and (2)); s*ee also United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002); *United States v. Munlyn*, 607 F.Supp.2d 394, 398 (E.D.N.Y. 2009) (stating that the third factor must, of necessity, also embrace the unexpressed factor of prejudice to the defendant).

Analysis of each of these three factors clearly leads to the conclusion that dismissal should be without prejudice.  "Where the defendant is charged with a serious crime, the delay was minor, the defendant suffered no prejudice from the delay, and the government did not actively seek the delay, dismissal should be without prejudice."  *United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010) (citation omitted).   Such is the case here.

**(a)     The Seriousness of the Offense**

There is no dispute that, as to the first factor, sex trafficking of minors is a serious crime. If convicted of an offense under 18 U.S.C. § 1591 or 1594, then a defendant faces a mandatory-minimum of ten years' imprisonment and a maximum penalty of life imprisonment.  There are few violations that courts view more severely than child sex crimes, which the Eleventh Circuit has described as "among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).   The Eleventh Circuit, recognizing the gravity and seriousness of the sex trafficking of minors, or forced and coerced sex trafficking, have upheld substantial prison sentences upon a conviction.  *See, e.g., United States v. Whyte*, 928 F.3d 1317, 1338-39 (11th Cir. 2019) (affirming 300-month sentence for defendant who sex trafficked a single minor victim); *United States v. Mozie*, 752 F.3d 1271, 1288-91 (11th Cir. 2014)

6

(affirming life sentence for defendant who victimized numerous minors in a sex trafficking scheme), *abrogated on other grounds by Whyte*, 928 F.3d 1317; *United States v. McKinley*, 647 Fed. Appx. 957, 967 (11th Cir. 2016) (determining life sentence for sex trafficking of a minor was not substantively unreasonable when considering the nature and circumstances of the offense); *United States v. Fields*, 625 Fed. Appx. 949, 954 (11th Cir. 2015) (affirming 405 month sentence in light of defendant's "repeated exploitations of the victims' vulnerabilities in furthering his prostitution business"); *see also Sarras*, 575 F.3d at 1220-21 (citing lengthy sentences affirmed for producers of child pornography and other serious child sex offenses). Here, the seriousness of the offense coupled with the minor period of delay strongly militates in favor of dismissal without prejudice.

**(b)    The Reasons that Led to the Dismissal**

The second factor, the facts and circumstances leading to the dismissal, also weighs heavily in favor of a dismissal without prejudice. Where the delay is based on "negligence and oversight" by the government or district court, rather than "intentional delay," this factor weighs in favor of dismissal without prejudice. *Branham*, 285 Fed. App'x at 644.

Here, the Government did not seek or request a trial date beyond the limitations of the Speedy Trial Act. At both the first and second calendar call, the United States announced it was ready for trial and it was the Defendant that asked for a continuance, which prompted the Court granting a continuance. (ECF Nos. 21 and 36). Further, the December 2 Order was issued by the Court sua sponte. It is only in an abundance of caution that the United States does not oppose Defendant's motion except to argue that the superseding indictment should be dismissed without prejudice.

7

### (c) The impact of a re-prosecution on the administration of justice

Finally, the third factor, the impact of a reprosecution on the administration of justice and the Speedy Trial Act, also weighs in favor of a dismissal without prejudice. As the Eleventh Circuit has repeatedly recognized, "[i]n applying this factor, there is almost always 'some tension between the administration of the Act and the administration of justice.'" *United States v. Williams*, 314 F.3d 552, 559 (11th Cir. 2002) (quoting *United States v. Godoy*, 821 F.2d 1498, 1506 (11th Cir. 1987)). Indeed, the two standard arguments that arise when examining these factors "neutralize each other" because "'[d]efendants can always argue that the minimal sanction of dismissal without prejudice takes the teeth out of the Act's requirements'" and "'the government can always argue that reprosecution furthers the public's interest in bringing criminals to trial.'" *Id.* at 559-60 (quoting *Godoy*, 821 F.2d at 1506).[4]

The Eleventh Circuit has instructed that "[w]here the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay." *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984). Here, a delay of two (2) days beyond the 70-day Speedy Trial Act period does not warrant dismissal with prejudice. In fact, the Eleventh Circuit has previously held that a delay of 68 days did not merit dismissal with prejudice where the defendant was charged with drug crimes. *Williams*, 314 F.3d at 560-61 (stating that if the delay was for 8 days then the violation was minimal and the charges should have, without question, been dismissed without prejudice). Other courts have similarly held that much lengthier delays did not compel dismissal with prejudice. *See, e.g.*, *United States v. Jones*, 213 F.3d 1253, 1256-58 (10th Cir.

---

[4] The Supreme Court has made clear that "[d]ismissal without prejudice is not a toothless sanction." *United States v. Taylor*, 487 U.S. 326, 342 (1988) (reversing order that dismissed an indictment with prejudice due to a Speedy Trial Act violation); *Zedner*, 547 U.S. at 498 ("the less severe sanction (dismissal without prejudice) lets the court avoid unduly impairing the enforcement of federal criminal laws-though even this sanction imposes some costs on the prosecution and the court, which further encourages compliance").

8

2000) (delay of more than 300 non-excludable days beyond 70-day Speedy Trial Act period); *United States v. Barnes*, 159 F.3d 4, 15-16, 18 (1st Cir. 1998) (delay of 121 non-excludable days beyond 70-day Speedy Trial Act period); *United States v. Johnson*, 29 F.3d 940, 945-46 (5th Cir. 1994) (delay of "at least 118" non-excludable days beyond 70-day Speedy Trial Act period); *United States v. Saltzman*, 984 F.2d 1087, 1092-95 (10th Cir. 1993) (nearly 6-month delay—six times the length of the applicable Speedy Trial Act's 30-day speedy-indictment period).

Importantly, Defendant has not, and cannot, identify any prejudice that has impacted his defense or ability to prepare for trial as a result of a potential Speedy Trial Act violation. The allegations in the case arise from late 2018 to mid-2019, and there is no record evidence that any potential defense evidence or witness is unavailable. In addition, it has been the Defendant that requested two previous continuances. The United States merely requested a 14-day continuance, within the Speedy Trial time, to specially set the case for trial. Should the Court dismiss the superseding indictment without prejudice, then the United States again will move expeditiously to re-indict the case before a grand jury and set the case for trial. Accordingly, given the minor length of delay and the minimal prejudice suffered by Defendant, the administration of justice weighs in favor of a dismissal without prejudice.

### v.     Conclusion

For the reasons set forth above, the United States does not oppose Defendant's Motion that the case be dismissed, but argues that the case be dismissed without prejudice.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:     s/ Cary O. Aronovitz
CARY O. ARONOVITZ
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 86425
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9131 Office
(305) 536-4699 Facsimile
Cary.Aronovitz@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically via CM/ECF on January 17, 2020, and made available to counsel of record for the defendant.

  s/ Cary O. Aronovitz
CARY O. ARONOVITZ
ASSISTANT UNITED STATES ATTORNEY